**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: August 22 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-30996 |
| | ) | |
| Albert L. Mackey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 11-3046 |
| | ) | |
| Ericka S. Parker, Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Barkan & Robon Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO STRIKE JURY DEMAND**

This adversary proceeding is before the court on Plaintiff's Motion to Strike Jury Demand ("Motion") [Doc. # 16], Defendant's opposition [Doc. 23], and Plaintiff's reply [Doc. # 24]. Plaintiff is the trustee in the underlying Chapter 7 case. In her Complaint, Plaintiff alleges a claim under 11 U.S.C. § 549. Because Plaintiff's claim is equitable in nature, Defendant is not entitled to a jury trial and Plaintiff's

Motion will be granted.[1]

In her Complaint, Plaintiff alleges that both Debtor Albert Mackey and non-debtor Stephen Sapp ("Sapp") own an interest in Fortress Properties, Inc., and that Sapp granted an unauthorized postpetition mortgage on real property owned by Fortress Properties, Inc., in favor of Defendant, a law firm that represents Sapp. Plaintiff seeks to avoid the mortgage under 11 U.S.C. § 549

## DISCUSSION

The Seventh Amendment to the United States Constitution states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The Supreme Court has construed "Suits at common law" to apply "not only to common-law causes of action but also to statutory causes of action 'analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty.'" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708-09 (1999) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).

The Supreme Court set forth the following analysis to ascertain a party's right to a jury trial:

> "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

*Granfinanciera, S.A.*, 492 U.S. at 42.

Applying this analysis with respect to a § 549 claim, one court explained:

> [B]oth the character of the § 549 action as it might have existed in England in the late 18th-century and the nature of the remedy sought are equitable. In 18th-century England bankruptcy was essentially a creditor's remedy involving the equitable distribution of the bankrupt's estate. Today, the bankruptcy estate is distributed in accordance with the scheme of priorities set out in the Bankruptcy Code, and the nature of bankruptcy is equity.
>
> The bankruptcy estate is created upon the filing of the bankruptcy petition and it is protected at the inception of the case by the automatic stay and by the prohibition against postpetition transfers set forth in § 549. Enforcement of these protections is clearly equitable.

---

[1] Although Defendant has filed a motion to withdraw reference, the filing of such a motion does not stay this adversary proceeding. *See* Fed. R. Bankr. P. 5011(c).

2

Consequently, there is no right to [a] jury trial in such actions.

*Comm. of Unsecured Creditors of North Carolina Hosp. Assoc. Trust Fund v. Mem'l Mission Med. Ctr. (In re North Carolina Hosp. Assoc. Trust Fund)*, 112 B.R. 759, 762 (Bankr. E.D.N.C. 1990) (internal citations omitted). The majority of courts that have considered this issue have similarly concluded that claims seeking to avoid postpetition transfers pursuant to § 549 are equitable in nature such that the Seventh Amendment right to a jury trial does not apply. *Sicherman v. Crosby (In re Rivera)*, No. 1:05MC065, 2005 U.S. Dist. LEXIS 23304, *9, 2005 WL 4001273, *3 (N.D. Ohio Oct. 12, 2005) (citing cases); *In re Ackhoff*, 252 B.R. 396, 397-98 (Bankr. E.D. Mich. 2000)(citing cases).

While Defendant does not dispute the equitable nature of Plaintiff's claim, it nevertheless contends that it is entitled to a jury trial and that Plaintiff "over-simplifies the matter by suggesting this is simply a Section 549 claim." [Doc. 23, Oppos., p. 1]. Defendant argues that "the claim of Barkan & Robon, Ltd. is not a claim against an asset of the bankruptcy estate" and it refers to certain legal and equitable claims of Sapp against Debtor as providing a basis for its right to a jury trial. [*Id.* at 1-2]. However, Defendant's first argument goes to the merits of Plaintiff's claim, not its right to a jury trial. And its reliance on claims belonging to Sapp is misplaced as those claims are not claims before the court in this proceeding.

Defendant also cites cases for the proposition that parties are entitled to a jury trial on claims for money judgment and for breach of the duty of good faith and cites Ohio Revised Code § 2311.04 for the proposition that Ohio law permits a trial by jury to determine issues relating to the recovery of specific real property. However, Plaintiff has asserted only one claim in this proceeding, a claim under § 549 and seeks only avoidance of the mortgage at issue, not a money judgment. Finally, a state law provision for trial by jury is inapplicable to Plaintiff's federal claim brought in a federal court.

The court agrees with the reasoning in the cases cited above and finds that Defendant is not entitled to a jury trial on Plaintiff's § 549 claim.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion to Strike Jury Demand be, and hereby is, **GRANTED.**